**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**GERRY L. MOORE, SR.,**

Plaintiff,

v.

**JESSICA WALLACE, et al.,**

Defendants.

CASE NO. 3:26 CV 1294

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

*Pro se* Plaintiff Gerry L. Moore, Sr., currently incarcerated at Richland Correctional Institution ("RiCI"), filed this civil rights complaint under 42 U.S.C. § 1983 against the following Defendants: Jessica Wallace, Marion County Clerk of Courts; Judge Matthew P. Frericks, Marion County Court of Common Pleas; Paulette J. Lilly, Erie County Prosecutor; Thomas Gjostein, court-appointed attorney; Judge William R. Zimmerman, Third District Court of Appeals; Judge John R. Willamowski, Third District Court of Appeals; Gregory B. Miller, Third District Court of Appeals Court Administrator and Magistrate; Judge Juergen A. Waldick, Third District Court of Appeals; Karin L. Coble, court-appointed attorney; Michael J. Hendershot; Steven L. Taylor; and Kristin R. Palmer. *See* Doc. 1.

Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. p2). The Court grants that application. Upon review, the Court finds Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Background

Plaintiff's 214-page complaint is a disjointed narrative consisting of vague, rambling, and conclusory allegations, various lists of legal terms and purported causes of actions, and 209 pages of exhibits, including: portions of a trial transcript; several pages of the Marion County Court of Common Pleas docket, Case No. 2022-CR-0380, with handwritten notations; an apparent copy of Plaintiff's Petition to Vacate his judgment and other documents filed in his state criminal proceedings; Marion County itemized court costs statement; Affidavit of Indigency and Prisoner Account Statement; several copies of cash withdrawal slips from RiCI; documents from Plaintiff's habeas petition filed in this district court (*Moore v. Stuff*, No. 3:25-cv-2260 (N.D. Ohio); Marion County Court Order to Pay a Stated Obligation; and a letter from Marion County Clerk of Courts to Richland Correctional Institution requesting funds from Plaintiff's prisoner account be applied to Marion County court costs. *See* Doc. 1-3.

The Complaint appears to concern Defendants' purported conduct in Plaintiff's criminal conviction and appeal. *See* Doc. 1, at 3-4. His allegations generally refer to "these parties" and Jessica Wallace. Plaintiff alleges without any factual support "garnishment by force," fraud, misfeasance, malfeasance, various alleged torts, discrimination, retaliation, tampering with evidence, perjury, interfering with civil rights, ethnic intimidation, coercion, sham legal process, extortion, dereliction of duty, malicious prosecution, malpractice of law, libel, slander, and negligence. *See* Doc. 1-2. Throughout the Complaint, and in an apparent attempt to create a claim from his exhibits, Plaintiff repeatedly directs the Court to "please see attachments." *Id.*

Plaintiff requests monetary relief, and he asks that the defendants be "indicted and convicted for [their] felony crimes committed against him." (Doc. 1, at 4).

## Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

Basic Pleading Requirements

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The complaint must give the defendants fair notice of what the plaintiff's claims are and the grounds upon which they rest to satisfy federal notice pleading requirements. *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

Here, the Complaint, even liberally construed, fails to meet the most basic pleading standard, as the complaint fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief" Fed. R. Civ. P. 8(a)(2). The Complaint is almost completely devoid of any factual allegations, and it fails coherently to identify how each Defendant has harmed Plaintiff. Rather, Plaintiff's Complaint includes vague and conclusory assertions, various lists of purported violations, and references to the Complaint's numerous attachments, apparently relying on the Court to sort through Plaintiff's voluminous exhibits to identify a claim under which he can recover. The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Laster v. Pramstaller*, 2008 WL 1901250, (E.D. Mich.) (citing *Windsor v. Colo. Dep't. of Corr.*, 9 F. App'x 967, 968 (10th Cir.2001) ("Neither the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief.") (quotation marks omitted). To do so would

"transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett*, 775 F. 2d at 1278. Plaintiff's pleading, at best, is nothing more than a mere "unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. The complaint therefore fails to meet the minimum pleading requirements of Federal Civil Rule 8, and it must be dismissed on this basis. *Id.*

Personal Involvement

Moreover, even if the Complaint satisfied federal pleading requirements, Plaintiff fails to state a claim against any of the Defendants. A plaintiff cannot establish the liability of any defendant absent a clear showing the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, 1995 WL 559381 (6th Cir.). And where individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Here, Plaintiff does not present any allegations specifically connecting any of the individual Defendants (with the exception of Jessica Wallace), to the purported misconduct. Rather, Plaintiff includes Defendants' names in the caption of the Complaint and generically

references "these parties." Plaintiff therefore fails to state a plausible civil rights claim against Judges Frericks, Zimmerman, Willamowski, and Waldick; Prosecutor Lilly; Attorneys Gjostein and Coble; Court Administrator and Magistrate Miller; Michael J. Hendershot; Steven L. Taylor; and Kristin R. Palmer.

Court Appointed Attorneys

Also, Plaintiff cannot establish a Section 1983 claim against his former court-appointed attorneys for an additional reason. To state a claim upon which relief can be granted under Section 1983, a plaintiff must allege that (1) a right secured by the Constitution or a federal statute has been violated, and (2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015). A public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of Section 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 321, (1981); *White v. Robertson-Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001). Plaintiff therefore fails to state a civil rights claim against Attorneys Gjostein and Coble, Plaintiff's court-appointed attorneys.

Immunity

Finally, most of the defendants are immune from suit. It is well established that judicial officers are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant was not acting as a judge; or (2) the conduct alleged, although judicial in nature, was taken in complete absence of all subject matter jurisdiction

of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or exceeded his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity). Here, there is no suggestion in the Complaint that the Defendant judges were acting in any capacity other than that of judicial officers when the conduct alleged in the Complaint occurred. Nor is there any suggestion that they acted clearly outside of the subject matter jurisdiction of the court over which they preside. Judges Frericks, Zimmerman, Willamowski, and Waldick are therefore absolutely immune from damages in this action.

Judicial immunity may also be extended to non-judicial officers, like a Clerk of Courts or a court administrator, who perform in a quasi-judicial capacity. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* The fact that an error is made is immaterial. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Court clerks and other court officials and employees have therefore been accorded absolute immunity from civil rights actions on claims arising from conduct intrinsically associated with a judicial proceeding. *See, e.g.*, *id.* (court clerk); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (municipal court clerk); *Bush*, 38 F.3d at 847 (court administrator and referee). Plaintiff does not allege any facts plausibly suggesting that Jessica Wallace, Marion County Clerk of Courts, or Gregory B. Miller, Third District Court of Appeals Court Administrator and Magistrate, acted outside the scope of his or her quasi-judicial immunity. These Defendants are therefore absolutely immune from suit.

Likewise, prosecutors are immune from suit. Prosecutors are absolutely immune from liability under Section 1983 for their conduct in "'initiating a prosecution and in presenting the State's case.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). So long as the prosecutor was engaged in a prosecutorial function, he or she is absolutely immune regardless of whether he or she undertook actions maliciously, in bad faith, or with an improper motive. *See Imbler*, 424 U.S. at 427 & n.27, 431 & n.34 (prosecutor immune after knowingly presenting perjured testimony and suppressing exculpatory evidence at trial); *Joseph v. Patterson*, 795 F.2d 549, 555 (6th Cir. 1986) (prosecutor immune after "knowingly obtaining issuance of criminal complaints and arrest warrants . . . based on false, coerced statements"); *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) (prosecutor immune for deciding to investigate and conspiring to present false charges to the grand jury, allegedly to satisfy a campaign promise to be tough on child abuse). Here, Plaintiff presents no discernible facts suggesting Chief Assistant Prosecutor Lilly acted outside the confines of her prosecutorial role. She is therefore absolutely immune from suit.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's application to proceed *in forma pauperis* (Doc. 2) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that the action be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is

FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 20, 2026